**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLES EDWARD JORDAN, JR.** **PLAINTIFF**

**V.** **CAUSE NO. 4:26-CV-00101-RP**

**SUPERINTENDENT SEQUEIA WREN, et al.** **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on the *pro se* Plaintiff's motion [14] for reconsideration of the Court's September 10, 2026, Memorandum Opinion and Order and Final Judgment dismissing this action with prejudice for failure to state a claim upon which relief can be granted. *See* Doc. #s 12, 13. The Court finds that the instant motion should be denied.

On July 23, 2026, Plaintiff Charles Edward Jordan, Jr., filed a complaint under 28 U.S.C. § 1983, in which he complained generally about alleged unsafe housing assignment, particularly taking issue with the fact that he was "red tagged", i.e. a protective custody ("PC") inmate, but that non-PC inmates were being housed in his unit, in violation of institutional policy. *See* Doc. #1 at 2-5; Doc. # 11 at 2-10. Jordan further opined that he was being retaliated against for some messages he sent to his sister regarding the housing issues. *See id.* Jordan named Superintendent Sequeia Wren, former acting Superintendent Mike Dixon, MDOC Commissioner Burl Cain, and Disciplinary Hearing Officer Daphne Ellis as Defendants. Doc. # 1 at 2-3.

On August 17, 2026, the Court entered an Order to Show Cause directing Jordan to show cause why his claims should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 10. Jordan filed his response on September 3, 2026. Doc. # 11. The Court entered a Memorandum Opinion and Order and Final Judgment on September 10, 2026, dismissing Jordan's claims with prejudice. Doc. #s 12, 13. Specifically, the Court found that Jordan's claims were subject to dismissal for the following five reasons:

(1) he has no protectable property or liberty interest in any particular housing assignment or custodial classification nor does he have a right to a grievance procedure in general much less that it be resolved to his satisfaction;

(2) he failed to establish the existence of a protected liberty interest and no punishment affecting the duration of his confinement was imposed following the rule violation report ("RVR") at issue;

(3) he failed to identify a protected constitutional right as to his claim for retaliation;

(4) he failed to allege any physical harm or injury as a result of the alleged actions/inactions to support a failure to protect claim; and

(5) Burl Cain and Mike Dixon were named as Defendants merely due to their positions of authority within MDOC and liability cannot be imposed based on someone's role as a supervisor.

Doc. # 12 at 4-9.

As Jordan's motion was filed within twenty-eight (28) days of the entry of judgment, the Court construes the filing as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

In moving to amend, Jordan largely repeats the same arguments (and factual allegations) as those found in his complaint and response to the Court's show cause order. Doc. # 14. The

Court notes, however, that Jordan now, for the first time, *seems* to argue that the alleged retaliation was predicated, in part, on his religious-themed messages to his sister. Jordan could have raised this argument in his complaint or in his response to the show cause order but chose not to do so; the Court will not address the argument for the first time, post-judgment.

Beyond this, Jordan has attached the text messages exchanged between he and his sister which evidently led to the RVR. Doc. # 14-1. The Court acknowledges that this evidence was not presented before entry of judgment. Yet, the evidence is not "newly-discovered" because Jordan was aware of the messages at the time he filed the complaint; he referenced them briefly in his complaint and again, in-depth, in his response to the show cause order. *See* Doc. #s 1, 11. Moreover, the content of the messages is not probative of the issues addressed. Thus, the evidence is not new and it would not alter the outcome of the proceeding.

In short, Jordan has not identified an intervening change in the controlling law; he has not presented any *newly* discovered that was previously unavailable; and he has not attempted to correct a manifest error of law or fact. Accordingly, Jordan's motion [14] for reconsideration is not well-taken and is, therefore, **DENIED**.

**SO ORDERED**, this the 14th day of October, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE